VICTORIA PETERSON

          Plaintiff,

v.

NORTH CAROLINA STATE
BOARD OF ELECTIONS;
DURHAM COUNTY
BOARD OF ELECTIONS.
ALEJANDRA JAVIERA CABALLERO

          Defendants.

Case No. 1:20-cv-260

Jury Trial: Yes__ No **X**

## *amend* COMPLAINT FOR A CIVIL CASE

Because of my visual and hearing disability, I am using assistive technology to assist me with filing this Complaint for a Civil Case in The Middle District Of North Carolina.

Presently, I am representing myself.

**Jurisdiction:** The Middle District Of North Carolina / I live in Durham, North Carolina.

### Federal Question

**The United States Constitution Amendment 14: Section 1.** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.

**The United States Constitution Amendment 15:** Section 1. Right of citizens to vote - Race or color not to disqualify.

**North Carolina Constitution: Article VI: Section 1.** Every person born in the United States and every person who has been naturalized, 18 years of age, and possessing the qualifications set out in this Article, shall be entitled to vote at any election by the people of the State, except as herein otherwise provided.

### The Main Issue

Mrs. Alejandra Javiera Caballero ran for Durham City Council in 2019. At several candidate forums, she informed the public that she was brought to the United States. To this day, she refuses to show any documentation that she is a naturalized citizen of the United States. Because the United States

Constitution states one must be a citizen or naturalized to vote, to run for public office, and to hold public office in the United States of America and Durham, North Carolina, proof should be shown when requested of an interested citizen.

## Who am I?

My name is Victoria Peterson. I am a citizen of the United States. I was born in Plainfield, New Jersey in 1953. I moved to the state of North Carolina in 1973 to attend North Carolina Central University. I have been living in Durham, North Carolina for more than 40 years.

## Issue

I, Victoria Peterson, was a candidate for the Durham City Council in the October 8, 2019, Municipal At-large Primary Election. Ten candidates contended for three City Council seats. Of those ten, only six contestants who amassed the greatest number of votes could advance to participate in the General Election, which was scheduled to occur in November 2019.

Two weeks before the primary election, I spoke to the director of the Durham County Board of Elections. I shared with him my concerns about candidate Alejandra Javiera Caballero. At several of the candidate forums, Ms. Caballero informed the public that she was brought to the United States with her family from Chile. She never told the electorate that she had received her immigration certificate or was naturalized as a United States citizen. Such documentation would allow her to vote, accept a mayoral appointment to the Durham City Council, and run as an incumbent appointee for elected office on the Durham City Council.

The United States Constitution and the North Carolina Constitution provides only two ways an individual can vote in this country, either as a United States citizen or as one naturalized with voting privileges. I asked the director of the Durham County Board of Elections, whose office provides four criteria for potential county officeholders, whether the Durham County Board of Elections investigated Ms. Caballero's citizenship status in the United States. He informed me that each registered voter in Durham fills out a North Carolina voter registration application. Furthermore, applicants as public office holders must be, 1) At least 21 years of age, 2) Live within the corporate city limits, 3) be a registered voter with the Durham County Board of Elections, and 4) be current on city and county taxes at the time of application submission. Following that discourse, I took the opportunity to look at Ms. Caballero's voter registration application. Her answers to her form cause me concern. She affirmed on her questionnaire that she was a citizen of the United States of America. She also says that the location of her state of birth is "OC." There are no states within the United States that have initials as OC, which implies that "OC" may refer to a location in Chile outside of the United States, which affirms her childhood status as a foreign national. In addition to being brought to the United States from Chile by her parents at the age of nine, Ms. Caballero alleged that she acquired U.S. citizenship at the age of 14. Such a scenario is improbable because to initiate the process of naturalization of citizenship culminating with voting rights and the privilege to engage in the electoral process in the United States, one must reside within the United States for at least five years, attained the age of eighteen years, or have parentage which holds citizenship by birth or naturalization.

### What did the Durham County Board of Election do about my concerns about Ms. Alejandra Javiera Caballero?

I, Victoria Peterson (Petitioner) filed an election protest by personally delivering the protest to the Durham County Board of Elections on October 10, 2019. The next day following, on October 11, 2019 I received a phone call from one of the staff members of the Durham County Board of Elections informing me that there was going to be a meeting that night at 7 PM to discuss my petition to the Durham County Board of Elections. I was also informed that I would not be able to speak or respond during the board meeting when they would be addressing my concerns. Within 24 hours, I was called to sit in on a regular election board meeting of the Durham County Board of Elections, which had been in possession of my complaint for less than 24 hours. Within such a time frame, the Board reviewed and considered the petition pursuant to NCGS 163-182.10, and after giving preliminary consideration to the petition, the board entered its unanimous decision to dismiss the protest pursuant to NCGS 163-182.10(a) (1).

### Why I requested a preliminary hearing.

North Carolina G.S. 163-182.10 allows me to go before the Durham County Board of Elections to present my concerns of election law violations that I believe took place during the Durham City Primary Election of 2019. This statute does not allow a local Election Board to deny a citizen the right to present one's concern to the local board regarding voting irregularities and violations. North Carolina state law permits voters or candidates to submit an election protest alleging a defect in the way votes are counted, irregularities, misconduct, or alleging other violations of election law.

Pursuant to NCGS 163-182.10, I pursued due diligence to inform the Durham County Board of Elections and the North Carolina State Board of Elections regarding several voting violations occurring within the city of Durham, North Carolina.

### How did the North Carolina State Board of Election handle my Petition and Preliminary Hearing?

"It is, therefore, the recommendation of the Executive Director that this matter be dismissed because it fails to comply with the filing requirements for election protest appeals and fails to allege candidate was not eligible to run for office sought." (N.C. State Board of Elections).

"This agency should not tolerate spurious allegations that abuse our State's electoral process. Election protests must be based on facts and evidence, not fear and intolerance. For these reasons, as the Executive Director, I recommend the State Board take no action on this matter. If no member raises any oral or written objection to the recommendation on October 18, 2019, the protest appeal will be administratively dismissed, and the petitioner will be notified accordingly. This statement comes from Ms. Karen Brinson Bell, Executive Director of the North Carolina State Board of Elections." (N.C. State Board of Elections)

My concerns are real, as I have already attested. Ms. Alejandra Javiera Caballero personally informed the public that she was brought to the United States from another country. The U.S. Constitution and the North Carolina Constitution provides that a non-citizen national as a legal permanent resident can become a naturalized citizen with attendant voting privileges to participate in federal, state, and local elections. However, North Carolina seems to have a history of receiving immigrants, allowing them to become

registered voters, although they do not meet the requirements of United States citizenship. Once investigations were done, a number of persons were found to be in violation of the U.S. Constitution regarding voting rights, as well as violating the North Carolina Constitution pertaining to voting issues. Enumerated herein are a few of such individuals who were found to be in violation of citizenship voting rights: Joshua Workman, Robert Dean Hudson, Dew Gidcumb, and Edward Charles. The Board of Election failed to acknowledge constitutional or civil irregularities even after having been served with petitions regarding these individuals. This problem has been consistent for several years.

Regardless of possible or probable electoral outcomes, every citizen, including myself, has the right to petition proof of legal citizenship or documents of naturalization from any person who seeks to participate in representative government and show that he or she has acquired naturalization as a United States citizen with the right to vote and participate in the electoral process. Especially if such person exerts covenanted constitutional privileges to serve as an elected representative on city councils, as a county commissioner, or as a legislator within the North Carolina General Assembly.

### North Carolina Superior Court ( ORDER OF DISMISSAL)

Attorney (Paul M. Cox) for the State Board of Election asked Judge Michael A. Stone, Superior Court Judge of Wake County, to dismiss my complaint. His reason given was because Ms. Caballero had been sworn into office and had taken her seat on the Durham City Council. It was further stated that my petition was no longer in the right jurisdiction for Judge Stone to hear my case. I was appealing the North Carolina State Board Of Election's decision regarding my appeal of the decision the Durham County Board of Elections after I had filed a pre-election day protest of Ms. Caballero. North Carolina law required that I file an appeal of the decision of the North Carolina State Board of Elections in the Wake County Court System. My petition, having followed the dictates of the law, was dismissed by the Wake County Court System as an improper forum. I believe that my case was improperly denied, for which I paid $200.00 to have my appeal heard along with an additional $30.00 for the Sheriff Department to serve my suit on the North Carolina State Board of Elections.

I filed in this court to seek further redress from the decision of the Durham County Board of Elections and the North Carolina State Board of Elections. I believe that North Carolina law requires that a thorough investigation into the validity of the naturalization status should have been undertaken. Mrs. Caballero has not shown if she has legal United States Naturalized Citizenship documents that validate her right to vote as well as to sit as an elected official on the Durham City Council, where she makes decisions on various issues that affect Durham citizens. Mrs. Caballero receives a salary each month from the taxpayers that live in the City of Durham, North Carolina.

I am requesting a hearing with the United States District Court for The Middle District of North Carolina about my concerns with these voting issues and immigration problems.

### Punitive Damages

I am requesting the court to award me damages from the North Carolina State Board of Elections in the amount of $750,000. I also request the court to award me damages from the Durham County Board of Election in the amount of $350,000.

4

**Compensatory Damages**

I request the United States District Court for The Middle District of North Carolina to award compensatory damages from the North Carolina State Board of Election in the amount of $150,000. I also request the United States District Court for The Middle District of North Carolina to award compensatory damages from The Durham County Board of Elections in the amount of $150,000.

I agree to provide the clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the clerk's office may result in the dismissal of my case.

Date of signing: March 18, 2020
Signature of Plaintiff: *Mrs. Victoria Peterson*
Printed Name of Plaintiff Victoria Peterson

Mrs. Victoria Peterson
810 Ridgeway Ave
Durham, North Carolina 27701
919-949-3867
vbpeterson53@yahoo.com