IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:20-CV-260

| | |
|---|---|
| VICTORIA PETERSON,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; DURHAM COUNTY BOARD OF ELECTIONS; ALEJANDRA JAVIERA CABALLERO,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FILED BY DEFENDANT CABALLERO** |

NOW COMES Defendant Alejandra Javiera Caballero ("Defendant Caballero"), a sitting member of the Durham City Council, and submits her memorandum of law in support of her motion to dismiss the Plaintiff's Amended Complaint [Doc. 8] pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

**STATEMENT OF THE CASE AND FACTS**

Plaintiff, a resident of the City of Durham and a 2019 Primary Election candidate for the Durham City Council, filed the initial complaint in this *pro se* action on March 18, 2020 [Doc. 2], and filed an amended complaint on July 20, 2020 [Doc. 8]. Plaintiff seeks punitive damages from Defendant North Carolina State Board of Elections in the amount

of $750,000 and Defendant Durham County Board of Elections in the amount of $350,000, and compensatory damages for unspecified injuries and harms from the North Carolina State Board of Elections in the amount of $150,000 and from the Durham County Board of Elections in the amount of $150,000. Plaintiff demands no claim of relief from Defendant Caballero. [Doc. 8, pp. 4-5]

Plaintiff asserts that there is a "Federal Question" and cites the 14th Amendment and the 15th Amendment to the U.S. Constitution at the outset of her Complaint. [Doc. 8, p. 1] She then subsequently details, describes, and recounts the challenge that she posed to the candidacy of Defendant Caballero for the election to Durham City Council in 2019. The subject election challenge was made exclusively pursuant to state law and administrative and trial court decisions were made in response to the challenge on the basis of North Carolina election laws. Plaintiff does not state how, if at all, her 14th and/or 15th Amendment rights were violated by Defendant Caballero. Plaintiff does not assert any discernible claim or cause of action against Defendant Caballero under federal or North Carolina state law.

Plaintiff's Complaint as it pertains to Defendant Caballero essentially asserts Plaintiff's skepticism regarding the circumstances of Defendant Caballero's naturalization as a United States citizen. Plaintiff contends that she has concerns about whether Defendant Caballero is, in fact, a United States citizen and, thus, eligible to hold elective office for the City of Durham. Plaintiff contends that as a citizen, Plaintiff has the "right to petition proof of legal citizenship or documents of naturalization from any person who seeks to participate in representative government," thereby implying that Defendant Caballero must

"show that . . . she has acquired naturalization as a United States citizen with the right to vote and participate in the electoral process." [Doc. 8, p. 4] Defendant Caballero now respectfully moves the Court to dismiss the action against her pursuant to Rules 12 (b)(1) and (6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Under Rule 12(b)(1), Plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of* Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss for failure to state a claim should be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id*. at 244. Where the motion relates to a complaint involving civil rights' claims, dismissal is appropriate where it appears that the "plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Id*. To survive a motion to dismiss, a complaint must "in light of the nature of the action . . . sufficiently allege[] each element of the cause of action so as to inform the opposing party of the claim and its general basis." *Chao v. Rivendell*

*Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (See also *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (2003)). Finally, a court is not bound by a plaintiff's legal conclusions. See, e.g., *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) (noting that the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the facts alleged do not support the legal conclusions). For the reasons discussed below, all of Plaintiff's claims should be dismissed in their entirety.

## ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION TO CONSIDER THE ISSUES PRESENTED.

All of the conduct of which Plaintiff complains occurred in the context of a municipal election in 2019. The gravamen of Plaintiff's grievance is that Defendant Caballero has not proven that she is a naturalized citizen of the United States and, thus, eligible to run for and hold a seat on the Durham City Council. Eligibility to hold elective office in the State of North Carolina is set forth in Article VI, Section 6 of the North Carolina Constitution. Qualifications to hold elective office are further tailored for municipal elected officials by N.C. Gen. Stat. 160A-59. In addition to eligibility for municipal elective office, state statutes likewise define and govern the processes, responsibilities, authority, and duties of local boards of elections, such as those established by Defendant Durham Board of Elections, and the State Board of Elections.

It is clear on the face of Plaintiff's Complaint that there is no diversity for federal jurisdiction purposes in this case. Plaintiff alleges that she is a resident of the City of Durham.

[Doc. 8, p. 2] Defendant Caballero is a member of the Durham City Council, and is thus, impliedly, a resident of the City of Durham. The Durham County Board of Elections is located within the City of Durham. The North Carolina State Board of Elections, while sited in the City of Raleigh, exercises jurisdiction over City of Durham elections through the local board in Durham. Where the parties in a suit are, as in this case, not diverse, the claim can be within the subject matter jurisdiction of a federal court only if it "arises under" the Constitution or laws of the United States, based on a review of the plaintiff's well-pleaded complaint. 28 U.S.C. § 1331; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986). A claim "arises under" federal law (1) where the cause of action is based on federal law or (2) where a substantial issue of federal law is necessary to the determination of the claims. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13-14, 77 L. Ed. 2d 420, 433, 103 S. Ct. 2841 (1983).

In this case, Plaintiff has not clearly plead *any* claim, let alone a federal claim. She states that she has filed this lawsuit with this Court "to seek further redress from the decision of the Durham County Board of Elections and the North Carolina State Board of Elections," and she contends that "North Carolina law requires that a thorough investigation into the validity of the naturalization status should have been undertaken." [Doc. 8, p. 4] By her own allegation, Plaintiff asserts that the determination of any claim that she is attempting to make, must be made pursuant to North Carolina law. The issues presented in Plaintiff's Complaint neither "arise under" federal law, nor is federal law needed for a determination of the claims. As such, in the absence of a federal question, this Court lacks subject matter jurisdiction over the controversy, and the Complaint should be dismissed pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure.

Additionally, Plaintiff is barred by the *Rooker-Feldman* doctrine from relitigating matters that she has fully litigated before the Wake County Superior Court, the court with final jurisdiction over legal challenges brought against a political candidate. The *Rooker-Feldman* is "a jurisdictional doctrine that prohibits federal district courts from exercising appellate jurisdiction over final state-court judgments." *Pounds v. Portfolio Recovery Assocs., LLC,* No. 1:16-CV-1395, 2018 *U.S. Dist. LEXIS* 51188, 2018 WL 1583670, at *2 (M.D.N.C. Mar. 28, 2018).

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). The doctrine is "narrow and focused." Thana v. Bd. of License Comm'rs for Charles Cty., 827 F.3d 314, 319 (4th Cir. 2016). "[I]f a plaintiff in federal court does not seek review of the state court judgment itself but instead presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." *Id.* at 320. Plaintiff pleads, however, that she is only seeking redress from the previous handling of her complaints, which as she alleges was heard on appeal by Wake County Superior Court Judge Michael A. Stone. [Doc. 8, p. 4] Plaintiff is not presenting new or independent claims to this court that were not considered by Judge Stone. As such, there is a second basis for a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction.

## II. PLAINTIFF'S COMPLAINT AGAINST DEFENDANT CABALLERO SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In considering a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must assess the legal sufficiency of the allegations in the plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The plaintiff's well-plead allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 327 (4th Cir. 1996). However, while the court "must take the facts in light most favorable to the plaintiff," the court "need not accept as true unwarranted inferences, unreasonable conclusions, or legal arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "[A] Rule 12(b)(6) motion should only be granted if, after accepting well-pleaded allegations in the complaint as true and drawing all reasonable inferences from those facts in the plaintiff's favor, it appears that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1990).

It is true that where a plaintiff is proceeding *pro se*, as in this case, the courts must liberally construe *pro se* documents, *Erikson v. Pardus,* 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), and hold them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976),

*Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (*per curiam*). This mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In addition, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A complaint must contain sufficient factual allegations, which accepted as true, state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly,* 550 U.S. at 556). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge [ ] their claims across the line from conceivable to plausible." *Id.* at 570. In all cases, substantive, nonconclusory factual allegations must support the plaintiffs' claims. *Twombly*, 550 U.S. at 554-55.

Given the few facts Plaintiff alleges about Defendant Caballero, can the court draw any inferences whatsoever that Defendant Caballero has engaged in any sort of misconduct, let alone misconduct which has harmed Plaintiff and entitles her to any amount of relief? Defendant Caballero contends that the answer to that question resounds in the negative.

## CONCLUSION

For the foregoing reasons, Defendant Caballero respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety as to the movant pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

This the 4th day of August, 2020.

**OFFICE OF THE CITY ATTORNEY**

By: */s/Kimberly M. Rehberg*
Kimberly M. Rehberg, NC Bar No. 21004
City Attorney
101 City Hall Plaza 2nd Floor
Durham, North Carolina 27701
Telephone: (919) 560-4158
Facsimile: (919) 560-4660
kimberly.rehberg@durhamnc.gov

*/s/John Roseboro*
John Roseboro, NC Bar No. 28660
Senior Assistant City Attorney
101 City Hall Plaza 2nd Floor
Durham, North Carolina 27701
Telephone: (919) 560-4158
Facsimile: (919) 560-4660
john. roseboro@durhamnc.gov

*Attorneys for Defendant Alejandra Javiera Caballero*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted, except that, with respect to the following party, a copy is being transmitted via first class mail to the address listed below:

> Victoria Peterson
> 810 Ridgeway Avenue
> Durham, North Carolina 27701

This the 4th day of August, 2020.

**OFFICE OF THE CITY ATTORNEY**

By: */s/Kimberly M. Rehberg*
Kimberly M. Rehberg, NC Bar No. 21004
City Attorney
101 City Hall Plaza 2nd Floor
Durham, North Carolina 27701
Telephone: (919) 560-4158
Facsimile: (919) 560-4660
kimberly.rehberg@durhamnc.gov