| | |
|---|---|
| VICTORIA PETERSON, <br> Plaintiff, <br> v. <br> NORTH CAROLINA STATE BOARD OF ELECTIONS, DURHAM COUNTY BOARD ALEJANDRA JAVIERA CABALLERO <br> Defendants. | ) <br> ) <br> ) **MEMORANDUM IN SUPPORT** <br> ) **OF MOTION TO DISMISS** <br> ) **FILED BY DEFENDANT DCBE** <br> ) <br> ) <br> ) <br> ) <br> ) |

**NOW COMES** Defendant, Durham County Board of Elections (DCBE), in charge of all elections held in Durham County, North Carolina, and submits this memorandum of law in support of its Motion to Dismiss the Plaintiff's Amended Complaint [Doc. 8] for two (2) reasons. First, Plaintiff's matter should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction and secondly, the Plaintiff's action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim against Defendant, DCBE, which relief can be granted.

## STATEMENT OF THE CASE AND FACTS

**(Defendant, DCBE hereby adopts the Statement of the Case and Facts as set out by Defendant Alejandra Javiera Caballero in her Memorandum In Support of Motion to Dismiss. DCBE will make additions to the facts where necessary and appropriate as follows):**

Plaintiff, a resident of the City of Durham and a 2019 Primary Election candidate for the Durham City Council, filed her initial complaint in this pro se action on March 18, 2020 [Doc. 2]

1

and filed an amended complaint on July 20, 2020 [Doc. 8]. Plaintiff seeks punitive damages from the North Carolina State Board of Election[s] in the amount of $750,000 and the Durham County Board of Election[s] in the amount of $350,000 and compensatory damages for unspecified injuries and harms from the North Carolina State Board of Election[s] in the amount of $150,00 and from the Durham County Board of Election[s] in the amount of $150,000. [Doc. 8, p. 5]

Plaintiff asserts that there is a "Federal Question" and cites the 14th Amendment and the 15th Amendment to the U.S. Constitution at the outset of her Complaint. [Doc. 8, page 1]

Plaintiff's Complaint as it pertains to Defendant, Durham County Board of Elections, essentially asserts that she filed an election protest (not a challenge of candidacy) by personally delivering it to the DCBE on October 10, 2019. She states in her Complaint that on the next day, October 11, 2019 she received a phone call from a staff member of the DCBE informing her there would be a meeting that night at 7:00 p.m. to discuss her protest [petition]. She states in her Complaint that what bother her was the fact that in less than 24 hours she was called and told that she could sit in on a regular Board of Elections meeting. She states that the DCBE was already willing and making decisions on her concern about defendant Caballero and her naturalization status. She states in her complaint that the DCBE reviewed and considered her protest [petition] pursuant to NCGS 163-182.10. She also states in her complaint the DCBE gave preliminary consideration to her protest and unanimously decided to dismiss her protest pursuant to NCGS 163-182.10 (a) (1). [Doc. 8, p. 3]

Plaintiff fails in her Complaint to state in what manner her 14th and 15th Amendment rights were violated by DCBE. In fact, she states that any act done by DCBE was done pursuant to North Carolina law. Defendant, DCBE, respectfully moves the Court to dismiss the action against it pursuant to Rules 12 (b)(1) and (6) of the Federal Rules of Civil Procedure.

2

## STANDARD OF REVIEW

"Subject matter jurisdiction is a threshold issue that relates to the Court's power to hear a case and must be decided before a determination on the merits of the case." *Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012).* A motion under Rule 12(b)(1) raises the question of "whether [the Plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of the [ claim]." Id. at 452.

"When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the Plaintiff. *Adam v. Bain, F.2d 1213, 1219 (4th Cir. 1982).* In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside of the pleading without converting the proceeding to one for summary judgment." Id.

"The burden of establishing subject matter jurisdiction is on the Plaintiff. *Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999)."*

"The purpose of a **Rule** 12(b)(6) **motion** "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (**4th** Cir. 2006); *also Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (stating to survive a 12(b)(6) **motion**, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". "As such, the **Court** assumes that the facts alleged in the complaint are true and draws all reasonable inferences in Plaintiff's favor as the nonmoving party". *Burbach, 278 F.3d at 405-06.* "Furthermore when, as here, a **Rule** 12(b)(6) **motion** is testing the sufficiency of a complaint, we must be especially solicitous of the wrongs alleged and must not **dismiss** the complaint unless it appears to a certainty that the

3

plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (**4th** Cir. 1999) (quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (**4th** Cir. 1988). For the reasons discussed below, all of Plaintiff's claims should be dismissed.

## ARGUMENT

1. **THIS FEDERAL DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THE ISSUES PRESENTED.**

This matter centers around a municipal election for the City of Durham as held in Durham County, North Carolina in 2019. Plaintiff complains that one of the candidates in a ten person candidate race, Defendant, Alejandra Javiera Caballero "has not proven that she is a naturalized citizen of the United States and, thus, eligible to run for and hold a seat on the Durham City Council." Article VI, Section 6. of the North Carolina Constitution states, "Every qualified voter in North Carolina who is 21 years of age, except as in this Constitution disqualified, shall be eligible for election by the people to office." North Carolina General Statutes define and govern the processes, responsibilities, authority, and duties of local board (DCBE) and state boards of elections (NCSBE). Article 4 of NCGS 163 points out the duties and responsibilities of County Boards of Elections, while Article 3 of NCGS 163 indicates the duties and responsibilities of the State Board of Elections. Point being, that all of this is State law and not Federal law. A challenge to a candidate candidacy must be filed with the board of elections that received the notice of candidacy or petition no later than ten (10) days after the close of the filing period. NCGS 163-127.2. No "challenge petition of candidacy" was filed against Defendant, Caballero by Plaintiff. The Plaintiff's claim lacks subject matter jurisdiction for the following reasons.

A. **No Diversity for Federal Jurisdiction.**

Plaintiff is a resident of the City of Durham, North Carolina [Doc. 8 p.2] Defendant, DCBE is located within Durham County and does business within the City of Durham. The NCSBE is located in Raleigh, North Carolina and exercises jurisdiction over all boards of elections in the State of North Carolina, only. Defendant Callballero is a member of the Durham City Council and swore or affirm that her resident address was Durham, North Carolina in her notice of candidacy. It is clear that all parties to this matter are of the State of North Carolina therefore any claim of filing this action based on diversity of citizenship must fail.

### B. No Action Under Federal Question or Claim.

It is clear from Plaintiff's Compliant that no federal claim is being made. All of her allegations seek redress under North Carolina law. [Doc. 8, page 4]. "Plaintiff has not clearly plead any claim, let alone a federal claim. Plaintiff by her own allegation asserts that the determination of any claim that she is attempting to make, must be made pursuant to North Carolina law." Her Complaint is void of any federal question, therefor this Court lacks subject matter jurisdiction over this action and the same should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### C. No Subject Matter Jurisdiction Because of the *Rooker-Feldman Doctrine*.

A party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court. A United States District Court has no authority to review final judgments of a State court in judicial proceeding, *D. C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Debabnah v. West Virginia Bd of Med., 47 F. Supp. 2d 734 (4th Cir. 1999).* In this matter Plaintiff's recourse is to the North Carolina Court of Appeals or to the U.S. Supreme Court.

5

**II. PLAINTIFF'S COMPLAINT AGAINST DEFENDANT DCBE SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

A view of Plaintiff's complaint does not show any allegations against DCBE indicating that she was denied any of her rights, to her detriment. If anything, the DCBE quickly received Plaintiff's protest and was able to schedule a review by the full Board within 24 hours. In fact, Plaintiff states in her Complaint, "[t]hat she was called to sit in on the regular election board meeting of the DCBE, which had been in possession of [my] complaint [protest] for less than 24 hours. Within such a time frame, the Board reviewed and considered the petition pursuant to NCGS 163-182.10 and after giving preliminary consideration to the petition, the board entered its unanimous decision to dismiss the protest pursuant to NCGS 163-182.10(a) (1)." Plaintiff 's Complaint is void of any 14th or 15th Amendment allegations. In this case the complaint does not contain sufficient factual matters to "state a claim to relief that is plausible on its face, therefore the Court should dismiss this mater for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, Defendant, DCBE, respectfully request that this Court dismiss Plaintiff's Complaint in its entirety as to the movant pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure.

This the 24th day of August, 2020.

6

Case 1:20-cv-00260-TDS-JLW   Document 20   Filed 08/24/20   Page 6 of 8

**DURHAM COUNTY ATTORNEY'S OFFICE**

By: /s/ Willie S. Darby
Senior Assistance County Attorney
NC State Bar No. 8240
P. O. Box 3508
200 East Main Street
Durham, North Carolina 27702
919-5609-0709 (office)
984-260-5742 (office cell)
919-690-6444 (personal cell)
wdarby@dconc.gov

7

## CERTIFICATE OF SERVICE

The undersign hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action represented by at least one registered user of record, to each of whom the NEF will be transmitted, except that, with respect to the following party, a copy is being transmitted via first class mail to the address listed below:

Victoria Peterson
810 Ridgeway Avenue
Durham, North Carolina 27701

This the 24th day of August, 2020.

**DURHAM COUNTY ATTORNEY'S OFFICE**

By: /s/ Willie S. Darby
Senior Assistance County Attorney
NC State Bar No. 8240
P. O. Box 3508
200 East Main Street
Durham, North Carolina 27702
919-5609-0709 (office)
984-260-5742 (office cell)
919-690-6444 (personal cell)
wdarby@dconc.gov