```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

| | | |
|---|---|---|
| VICTORIA PETERSON | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV260 |
| | ) | |
| NORTH CAROLINA STATE BOARD OF | ) | |
| ELECTIONS; DURHAM COUNTY BOARD | ) | |
| OF ELECTIONS; ALEJANDRA | ) | |
| JAVIERA CABALLERO, | ) | |
| | ) | |
|       Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Before the court are three separate motions to dismiss Plaintiff Victoria Peterson's amended complaint (Doc. 8) filed by Defendants Alejandra Javiera Caballero, the Durham County Board of Elections ("DCBE"), and the North Carolina State Board of Elections ("NCSBE") (collectively "Defendants"). (Docs. 15, 19, 27.) For the reasons set forth below, Defendants' motions will be granted and Peterson's complaint will be dismissed.

**I.  BACKGROUND**

The allegations of the complaint and supporting documents,[1] taken in the light most favorable to Peterson, show the following:

---

[1] Because a motion to dismiss "tests the sufficiency of a complaint," see Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), the court is "generally limited to a review of the allegations of the complaint itself," Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016). However, a court can also consider documents explicitly incorporated into the complaint by reference or attached as exhibits, as well as documents submitted by the party moving

Peterson, proceeding *pro se*, is a resident of Durham, North Carolina, and was a candidate for the Durham City Council in the October 2019 municipal at-large primary election. (Doc. 8 at 1-2.) Caballero was also a candidate in that same election. (Id. at 2.) Of the ten candidates in that primary election, six would proceed to the general election held in November 2019. (Id.) Ultimately, Peterson finished seventh in the primary election, while Caballero advanced to the general election and was then elected to a seat on the Durham City Council. (Doc. 29-2 at 3.)

In general, Peterson questions Caballero's naturalization status, specifically alleging that Caballero has "refuse[d] to show any documentation that she is a naturalized citizen of the United States" and stating that "one must be a citizen or naturalized to vote, to run for public office, and to hold public office in the United States of America and Durham, North Carolina."[2] (Doc. 8 at 1-2.) Peterson further alleges that "every citizen, including myself, has the right to petition proof of legal

---

for dismissal if the document was integral to the complaint and there is no dispute about its authenticity. See id. at 166. Here, defendant NCSBE has attached several documents to its motion to dismiss concerning the state election review procedures Peterson used prior to filing her complaint in this court. (See Doc. 29.) The court finds that these documents are authentic and integral to the complaint (see Doc. 8 at 3-4) and will therefore consider them in analyzing the present motions.

[2] According to the complaint, Caballero has publicly stated that she immigrated with her family to the United States from Chile when she was nine years old and acquired U.S. citizenship at the age of 14. (Doc. 8 at 2.)
2

citizenship or documents of naturalization from any person who seeks to participate in representative government and show that he or she has acquired naturalization as a United States citizen with the right to vote and participate in the electoral process." (Id. at 4.)

Two weeks before the October 2019 primary election, Peterson spoke to the director of the DCBE and reviewed Caballero's voter registration application, in which Caballero affirmed that she was a citizen of the United States. (Id. at 2.)

On October 10, 2019, Peterson filed an election protest with the DCBE. (Id. at 3.) On October 11, the DCBE gave preliminary consideration to Peterson's petition and unanimously voted to dismiss it. (Id.) The DCBE found that Peterson's petition "failed to establish probable cause that a violation of state law or irregularity or misconduct occurred." (Doc. 29-2 at 3.)

On October 14, 2019, Peterson appealed the DCBE's ruling to the NCSBE pursuant to N.C. Gen. Stat. § 163-182.11. (Doc. 8 at 3; Doc. 29-2 at 3.) The executive director of the NCSBE recommended the NCSBE dismiss the appeal because "it fails to comply with the filing requirements for election protest appeals and fails to allege the candidate was not eligible to run for the office sought." (Doc. 29-2 at 5.) The appeal was dismissed on October 23 when no other NCSBE member objected to the executive director's recommendation. (Id. at 2.)

3

Peterson then filed a petition for judicial review of the NCSBE's decision with the North Carolina Superior Court of Wake County pursuant to N.C. Gen. Stat. § 163-182.14. (Doc. 8 at 4.) On February 14, 2020, Superior Court Judge Michael A. Stone dismissed the case, concluding that the court lacked jurisdiction because a certificate of election had already been issued to Caballero in the election at issue. (Doc. 29-6 at 2.)

Peterson filed her initial complaint with this court on March 18, 2020. (Doc. 2.) She subsequently filed an amended complaint on July 20. (Doc. 8.) In August, each defendant filed a separate motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docs. 15, 19, 27.) Peterson responded to each. (Docs. 34-36.) The matter is fully briefed and ready for decision.[3]

## II. ANALYSIS

Defendants move to dismiss, arguing that this court lacks subject matter jurisdiction because Peterson's complaint fails to present a federal question and because Peterson is appealing a

---

[3] Peterson has requested a hearing on her complaint and responses. (Doc. 8 at 4.) Under Local Rule 7.3(c), "Motions shall be considered and decided by the Court on the pleadings, admissible evidence in the official court file, and motion papers and briefs, without hearing or oral argument, unless otherwise ordered by the Court." The court finds that a hearing is not required on this matter given the simplicity of the issues.

4

state court decision in violation of the Rooker-Feldman doctrine.[4] Defendants also argue that Peterson has failed to state a claim as a matter of law.

Subject matter jurisdiction is a "threshold matter" that a court must consider prior to addressing the merits of the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) ("[S]ubject-matter jurisdiction is a necessary prerequisite to any merits decision by a federal court."). The plaintiff bears the burden of proving that subject matter jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

When a defendant argues that a complaint fails to allege any facts establishing subject matter jurisdiction, a 12(b)(1) motion is evaluated under the same standard of review as a 12(b)(6) motion to dismiss. Allen v. Tri-Lift N. Carolina, Inc., No. 1:19CV851, 2020 WL 70984, at *1 (M.D.N.C. Jan. 7, 2020), aff'd, 805 F. App'x 245 (4th Cir. 2020) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive a Rule

---

[4] The doctrine derives its name from two Supreme Court cases, Rooker v. Fid. Trust. Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

12(6)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering the motion, a court will "assume as true all . . . well-pleaded facts and draw all reasonable inferences in favor of the plaintiff." Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017). Rule 12(b)(6) requires "sufficient factual allegations to raise a right to relief above the speculative level so as to nudge the claims across the line from conceivable to plausible." Sauers v. Winston-Salem/Forsyth Cty. Bd. of Educ., 179 F. Supp. 3d 544, 550 (M.D.N.C. 2016) (alterations and quotations omitted).

Peterson brings her case *pro se*. As such, she is entitled to a liberal construction of her complaint. See Erickson v. Pardus, 551 U.S. 89, 94. But "generosity is not fantasy." Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998). The court is not permitted "to become an advocate for a *pro se* litigant or to rewrite his complaint," Williams v. Guilford Tech. Cmty. Coll. Bd. of Trustees, 117 F. Supp. 3d 708, 716 (M.D.N.C. 2015), nor should it "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Defendants have moved to dismiss for lack of subject matter jurisdiction. Peterson responds that this court has jurisdiction

6

because she lives in Durham, North Carolina, which is located in the Middle District of North Carolina. (Doc. 34 at 1.) However, subject matter jurisdiction does not refer to where the parties live, but to the <u>types of cases</u> a federal court can hear and decide. Federal courts are courts of limited jurisdiction, meaning they possess "only that power authorized by Constitution and statute." <u>Exxon-Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 552 (2005)(quotations omitted). In other words, only certain cases -- those that have been authorized by the U.S. Constitution or a federal statute -- are allowed to be brought in a federal court such as this one. Specifically, this court can hear cases involving federal questions, 28 U.S.C. § 1331, and cases between citizens of different states when the amount in controversy exceeds $75,000 (so-called "diversity jurisdiction"), 28 U.S.C. § 1332.

There are no allegations of diversity jurisdiction in Peterson's complaint. To establish diversity jurisdiction, the plaintiff must be a citizen of a different state from that of the defendants. <u>See</u> 28 U.S.C. § 1332(a). Here, all parties are citizens of North Carolina. (Doc. 8 at 1; Doc. 20 at 5.) So, diversity of the parties cannot be a basis for federal jurisdiction.

To establish federal question jurisdiction, the action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, even construing the complaint

7

in the light most favorable to Peterson, she has not presented any basis for federal question jurisdiction for her case to be heard by this court. Peterson briefly references two provisions of the U.S. Constitution in her complaint -- the Fourteenth and Fifteenth Amendments. (Doc. 8 at 1.) The Fourteenth Amendment generally defines citizenship and prevents states from infringing on the rights of citizens. U.S. Const. amend. XIV. The Fifteenth Amendment provides that the right to vote shall not be abridged on the basis of race. U.S. Const. amend. XV. Federal claims can be brought under these Amendments challenging state election practices that infringe, for example, on a person's right to vote. See, e.g., Harper v. Virginia State Bd. of Elections, 383 U.S. 663 (1966). But there are no such allegations here. Nor do these Amendments establish qualifications to run for or hold public office. Indeed, the only qualifications in the U.S. Constitution are for federal offices. See U.S. Const. art. I, §§ 2-3; art. II, § 1 (listing the qualifications for U.S. Representative, U.S. Senator, and President). The qualifications to run for local office in North Carolina, such as the Durham City Council, are set out in North Carolina law. See N.C. Const. art. VI; N.C. Gen. Stat. § 163-294.2.

At its core, then, Peterson's complaint is about state election law. She acknowledges as much in her complaint: "I believe that North Carolina law requires that a thorough

8

investigation into the validity of the naturalization status [of Caballero] should have been undertaken." (Doc. 8 at 4 (emphasis added).)  States retain significant control over their own elections.  See Clingman v. Beaver, 544 U.S. 581, 586 (2005) ("The Constitution grants States broad power to prescribe the 'Times, Places and Manner of holding Elections for Senators and Representatives,' Art. I, § 4, cl. 1, which power is matched by state control over the election process for state offices." (quotations and citation omitted)).  Further, federal district courts do not generally intervene to instruct state officials to follow state election law.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) ("A federal court's grant of relief against state officials on the basis of state law . . . does not vindicate the supreme authority of federal law.  On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."); Democracy N. Carolina v. N. Carolina State Bd. of Elections, No. 1:20CV457, 2020 WL 6383222, at *7 (M.D.N.C. Oct. 30, 2020) ("In the absence of a continuing federal violation, any order by this court that the [North Carolina State Board of Elections] conform their conduct with state laws is precisely the conduct the Supreme Court forbids.").

Here, Peterson takes issue with the process of a local

9

election, governed by North Carolina election law, and the decisions of three North Carolina entities that reviewed her complaint before she filed in this court. Because there is no federal subject matter jurisdiction plausibly alleged, this court lacks authority to decide Peterson's claim.[5]

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that the Defendants' motions to dismiss (Docs. 15, 19, 27) are GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE.

/s/   Thomas D. Schroeder<br>United States District Judge

December 29, 2020

---

[5] The court therefore need not address Defendants' alternative arguments for dismissal.